**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alberto Castro SANCHEZ,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Bernal RUIZ,
Defendant-Appellant.**

**Nos. 75–3099, 75–3100.**

United States Court of Appeals,
Ninth Circuit.

March 25, 1976.

---

Robert L. Murray (appeared), Tucson, Ariz., for defendant-appellant in No. 75–3099.

Charles M. Giles (argued), Tucson, Ariz., for defendant-appellant in No. 75–3100.

Stephen M. Dichter, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before DUNIWAY and TRASK, Circuit Judges, and BATTIN,* District Judge.

TRASK, Circuit Judge:

These two appeals arose out of the same factual situation. Although tried together, they were appealed separately but were consolidated for oral argument before this court. We decide them together.

Drug Enforcement Agent Lugo contacted Sanchez about the purchase of narcotics. They had had prior dealings. Following some discussions, Sanchez set up a meeting with Lugo, one Yourgules and codefendant and appellant Ruiz for the purpose of effecting a sale of narcotics. According to the plan, Yourgules was to deliver the drugs. When he arrived, he was accompanied by an informant named Toscano, Ruiz and a nine-year-old child. Ruiz and Yourgules were arrested at this time and Sanchez was arrested sometime later. Quantities of opium and heroin were found in the Yourgules automobile. A statement was attributed to Yourgules that his source would be present. Ruiz made no statements nor was he ever identified by Yourgules or Sanchez as the source of the drugs. There was also evidence that Ruiz at one time had in his possession a bag containing opium.

Sanchez was indicted in count one under 21 U.S.C. §§ 841(a)(1), 846 for conspiracy to possess with intent to distribute opium and heroin and in count four for the substantive crime of knowingly and intentionally distributing heroin, 21 U.S.C. § 841(a)(1). Ruiz and Yourgules were both charged with Sanchez under the same conspiracy indictment. In counts two and three Ruiz and Yourgules were also charged with posses-

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

sion with intent to distribute opium and heroin. Count four related only to Sanchez. Yourgules pled guilty to one count and only Sanchez and Ruiz went to trial. Sanchez's defense was entrapment. He did not take the stand but his counsel advised the jury that had he testified, he would have admitted the allegations in the conspiracy count.

After a two day trial, both Sanchez and Ruiz were found guilty of the conspiracy charge under count one. Sanchez was found guilty of the count four charge and Ruiz was found guilty under counts two and three. Sanchez complains here of the rulings of the trial court in allowing the introduction of prejudicial and immaterial evidence and in permitting the prosecutor to pose questions not supported by evidence but calculated to unfairly prejudice and inflame the jury. We have read the material which Sanchez has provided to support his argument and cannot find in it the prejudice about which complaint is made. The principal defense of Sanchez was entrapment and the jury simply was not persuaded. Nor are we. The judgment as to Sanchez is affirmed.

■ The defense of entrapment on behalf of Sanchez was disclosed to the court at the beginning of the trial. As mentioned, the jury was advised formally that had Sanchez testified he would have admitted the allegations contained in the conspiracy count. This was permitted although there were then only two defendants in the trial, both of whom were indicted as co-conspirators. When Sanchez declined to testify, Ruiz was thereby prevented from cross-examining him. Although an entrapment instruction was given at the request of Sanchez, this instruction contained no protective language limiting the admissions of Sanchez, upon which it was based, to Sanchez alone. But no objection was made on behalf of Ruiz to the instructions as given nor any special instructions on his behalf requested.[1] Normally, this would preclude appellate review. Fed.R.Crim.P. 30.

■ The evidence disclosed by Ruiz indicated that Ruiz and Sanchez did not know each other until after their respective arrests. The government did not deny these facts. In addition, the evidence upon which to find Ruiz guilty of possession with intent to distribute was extremely slender. Had a request for a severance been made before trial or even when it became evident that Sanchez was going to admit the acts relied upon by the government to prove the conspiracy, a severance would appear to have been mandated. The formal presentation to the jury in open court of the incriminatory admissions of Sanchez to the conspiracy which involved Ruiz was extremely damaging to Ruiz. This incrimination of Ruiz was compounded by the trial court's failure to give an appropriate limiting instruction. This was particularly devastating to Ruiz's right to a fair trial here since Sanchez declined to testify, thereby foreclosing any possibility of cross-examination.

In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the inculpatory statement of the co-conspirator

---

1. The reporters transcript discloses that at the conclusion of the evidence presented on behalf of Sanchez, his attorney stated:

"MR. MURRAY: Ladies and gentlemen of the jury, the attorneys and the Court have discussed previously in this case, and I had described briefly with you in my opening statement that Mr. Sanchez was admitting his involvement in the conspiracy which is Count One of this case. However, he does not admit any involvement with regard to the transfer of any heroin. I am making an avowal to the jury at this time that should Mr. Sanchez take the witness stand and testify, that he would admit to the allegations contained in the Complaint regarding the conspiracy only.

"As I previously said, our defense in this case is entrapment, thereby the defendant must admit the allegations contained in Count One of the indictment, which is conspiracy. And if the Court feels that is sufficient, that would be all I would have to say at this time as far as an avowal that Mr. Sanchez would admit those allegations contained in Count One of the indictment.

"THE COURT: In essence, what are you avowing is that Mr. Sanchez admits the allegations of the indictment are true with respect to Count One?

"MR. MURRAY: That's correct, Your Honor, only with regard to Count One.

"THE COURT: Very well."

Appellant Ruiz's Opening Brief at 18–19.

was an out-of-court oral confession. In addition, a limiting instruction was given to the jury. Nevertheless the Court held that the circumstances operated to deny that petitioner's right of confrontation guaranteed by the Confrontation Clause of the Sixth Amendment.

Rule 14, Federal Rules of Criminal Procedure provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants . . . or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires. . . ."

■ Normally failure to object to joinder in the district court constitutes a waiver. Rule 51, Federal Rules of Criminal Procedure. *Ewing v. United States*, 386 F.2d 10, 14 (9th Cir. 1967). However, with a thin case against him, we think appellant was deprived not only of his right of confrontation but of his basic right to a fair trial. This was a manifest injustice and constitutes plain error under Rule 52(b), Federal Rules of Criminal Procedure.

As to Ruiz, we reverse and remand for a new trial.