695 P.2d 376

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dicky E. GEE, Defendant-Appellant.**

No. 15242.

Supreme Court of Idaho.

Jan. 16, 1985.

Douglas Ray Whipple, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Rinda Ray Just, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

On November 30, 1978, Dicky Earl Gee pled guilty to a charge of raping a 55-year-old Oakley woman. He was sentenced to an indeterminate 20-year term, set to run consecutive to a 5-year sentence for an unrelated burglary conviction. The trial court specially recommended psychiatric counseling. A motion to reconsider sentence was filed, but was denied as being untimely. No appeal was taken from the sentence or the denial of the motion to reconsider the sentence.

A petition for post-conviction relief was filed on March 18, 1983. In that petition, Gee challenged I.C. § 20–223 as an unconstitutional bill of attainder and argued that its application constituted cruel and unusual punishment. The State of Idaho moved for summary judgment on the petition, asserting that there was no genuine issue of material fact and that the State was entitled to judgment as a matter of law. The trial court granted the state's motion. It is from this summary judgment ruling that Gee appeals.

Gee asserted that the trial court erred in failing to deem I.C. § 20–223 an

unconstitutional bill of attainder. A bill of attainder is a legislative act directed at an easily ascertainable group in such a way as to penalize the group members without benefit of a judicial trial. *U.S. v. Brown*, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965). Article I, § 9, of the United States Constitution prohibits the federal government from enacting such bills. A similar prohibition applicable to state governments is contained in article I, § 10 of the United States Constitution. Idaho Constitution article 1, § 16 comports with the federal constitution.

I.C. § 20–223 [1] provides in relevant part: No person serving sentence for any of the following crimes: rape, incest, crime against nature, or committing a lewd act upon a child or with an attempt or assault with intent to commit any of the said crimes, or whose history and conduct indicate to the state board of correction that he is a sexually dangerous person, shall be released or paroled except upon the examination and recommendation of one or more psychiatrists licensed to practice medicine in the state of Idaho, to be selected by the state board of correction.

■ Gee claims that in requiring a psychiatrist's recommendation prior to the granting of parole, I.C. § 20–223 unconstitutionally delegates the Parole Board's decision-making function to the evaluating psychiatrist. The State, however, contends that the statute simply requires the Board to *consider* the psychiatrist's recommendation in making its independent decision. We agree with the state's interpretation, and hence, find no unconstitutional delegation.

■ Gee further claims that I.C. § 20–223 is a bill of attainder because it imposes a sentence enhancement upon sex-offenders without benefit of a judicial trial.

We hold that as a matter of law I.C. § 20–223 does not constitute a bill of attainder. In *Nixon v. Administrator of General Services*, 433 U.S. 425, 498, 97 S.Ct. 2777, 2817, 53 L.Ed.2d 867 (1977), the U.S. Supreme Court observed that the prohibition against bills of attainder has traditionally been thought to apply only when the challenged enactment is classifiable as "punitive" in nature. Justice Brennan, writing for the majority, stated, "The Court ... has applied a functional test of the existence of punishment, analyzing whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes." *Nixon* at 475–476, 97 S.Ct. 2806–07. It is only where such legitimate legislative purposes are not evident that the Court will conclude that the legislative intent was punishment of individuals disadvantaged thereby.

In examining I.C. § 20–223 in light of the *Nixon* standard, we first observe that the Idaho Legislature is clearly empowered to legislate in the area of parole.

Idaho Constitution, article X, § 5, which directs the state legislature to establish the state board of corrections states in part, "... This board shall have the control, direction and management of the penitentiaries of the state, their employees and properties, and of *adult probation and parole*, *with such compensation, powers, and duties as may be prescribed by law.*" (Emphasis added).

---

1. I.C. § 20–223, as quoted above, was amended in 1980. As amended, I.C. § 20–223 provides in relevant part:

   No person serving a sentence for rape, incest, committing a lewd act upon a child, crime against nature, or with an intent or an assault with intent to commit any of the said crimes or whose history and conduct indicate to the commission that he is a sexually dangerous person, shall be released on parole except upon the examination and evaluation of one or more psychiatrists or psychologists to be selected by the commission and such evalua-

   tion shall be duly considered by the commission in making its parole determination. The commission may, in its discretion, likewise require a similar examination and evaluation for persons serving sentences for crimes other than those above enumerated.

   The amended section, however, specifically provides that its provisions shall "affect only those persons who are sentenced on or after the first day of July 1980 ..." Hence, the provisions of the amended section would not apply to Mr. Gee.

I.C. § 20–201 which establishes the board of corrections prescribed by article X, § 5 states in part, "... (4) The board may delegate to the commission and the director any and all authority and power as it deems necessary to fulfill the duties, responsibilities and intent of this chapter *and the other duties imposed upon it by law."* (Emphasis added).

I.C. § 20–223 does not dictate that the Board of Corrections deny parole to any individual nor does it require that the Board follow the psychiatrist's recommendation, if any. It does not enhance a parolee's sentence or otherwise inflict punishment. Rather it bears a reasonable relationship to the proper state purpose of ensuring that prisoners released on parole will be likely to successfully serve the remainder of their sentences out of the physical custody of the Board of Corrections. Since the "type and severity" of the burden of undergoing a psychiatric evaluation is nonpunitive and slight, we cannot conclude that the challenged legislation is a bill of attainder.

██ Gee further claims that the trial court erred in failing to hold that I.C. § 20–223 violates the Eighth Amendment of the United States Constitution, which prohibits infliction of cruel or unusual punishment. In his petition for post-conviction relief, Gee averred "Idaho Code § 20–223 has determined that Petitioner is a 'sexually dangerous person' and enhances the penalty imposed because of Petitioner's status.... It is illegal and unconstitutional to enhance Petitioner's sentence because of this status and provides [sic] no remedial treatment to effect a cure for his alleged status."

Gee therefore assumes (1) that I.C. § 20–223 imposes punishment and (2) that such punishment is the result of a status or condition. Both assumptions are in error.

As stated above, we do not consider the requirements of I.C. § 20–223 to constitute an enhancement of sentence. Moreover, it is clear that the provisions of I.C. § 20–223 apply to Gee not because of his mental or physical status but because he committed one of the enumerated offenses, namely rape.

If Gee is in need of medical attention and is not receiving adequate care, he is not without recourse. However, the issue is not properly raised in the instant action.

Based on the foregoing discussion, we conclude that the trial court properly granted the State's motion for summary judgment.

Gee has further argued that the trial court abused its discretion in imposing sentence. However, since no appeal was taken from the denial of the motion to reconsider sentence, the issue has been waived.

Judgment affirmed.

DONALDSON, C.J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, specially concurring.

I concur in the majority's opinion for the issues raised by Mr. Gee, and write only to express reservations with respect to the validity of his guilty plea. The offense charged was alleged to have occurred on October 29, 1978, which was also the date of the filing of the complaint. Following a preliminary hearing, the defendant, represented by the public defender, was held to answer in district court. An information was filed on November 9, to which defendant and his counsel entered a plea of not guilty. In December, the public defender withdrew in favor of private counsel being arranged for by defendant's parents. Jailed for over six months, the defendant, with new counsel, on May 7, 1979, appeared before the court on the date before a scheduled trial for the purpose of withdrawing his plea of not guilty and entering a guilty plea. The court inquired as to the voluntariness of the plea.

The court inquired of defendant's counsel if he was acquainted with I.C. §§ 18–211, –212, and –213, and further asked counsel whether he felt any of those defenses should be pursued. Counsel answered that he was aware of the cited sections and stated that the defenses would not be pursued. Those statutes, of course, are those which were brought into promi-

nence and apparent disrepute in the wake of *State v. Hightower*, 101 Idaho 749, 620 P.2d 783 (1980), and the more publicized case of *United States v. Hinckley*, 672 F.2d 115 (D.C.Cir.1982).

Following the acceptance of the guilty plea the defendant was thereafter sentenced and committed to begin serving his sentence. Worthy of mention is that at sentencing defendant submitted the testimony of Dr. Frank Allred Garner, a practicing psychiatrist of Salt Lake City, Utah, who told the court that he would not suggest letting the defendant go without supervision, and that if he were released it was likely that he might do the same thing again. The psychiatrist, however, did state that the defendant could be taught not to do what he did. Examination of the 20-year-old defendant revealed that when he was about 16 years old a juvenile court had ordered counseling from the Department of Health and Welfare—which counseling he never received.

The district judge, in explaining the sentence he was about to impose, commented as to Dr. Garner's input:

I am not unmindful of the fact that Mr. Gee is twenty years old. Dr. Garner feels that he is rehabilitatable under circumstances, and I am sure Dr. Garner will agree that motivation is really one of the problem areas of psychotherapy. ...

....

... I will specially include in the order, Mr. Fuller, a recommendation of psychiatric counseling.

Tr., pp. 61–62.

The court advised the defendant of the 42-day period in which to appeal, but no appeal was taken, even though the court reminded those present of the right of an indigent to have appointed counsel which the court would cause to be provided.

My concern with the proceedings below is that it does not appear from the record that Mr. Gee was ever informed of I.C. § 20–223. That statute has significant impact in determining the length of incarceration of a defendant such as Gee. Thus, prior to sentencing, a district judge should fully inform a defendant of the applicabili-ty of I.C. § 20–223 in advising of the ramifications of pleading guilty to the type of offense with which Gee was charged. Such is constitutionally essential in guaranteeing that a defendant's plea of guilty was knowingly and voluntarily made—a requirement embedded in both our federal and state constitutions. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1920); *State v. Colyer*, 98 Idaho 32, 36, 557 P.2d 626, 630 (1976). Furthermore, on appeal, the record must clearly reveal that the defendant knowingly and voluntarily made such a plea. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Roderick*, 97 Idaho 82, 83, 540 P.2d 267, 268 (1975). Failure on this account renders the plea invalid.

Thus, while I concur with the majority's disposition of the issues raised by Mr. Gee, which did not include the voluntariness of his plea and a full understanding of the consequences of pleading guilty to the crime charged, I do not wish to be misunderstood as upholding the validity of the guilty plea if Mr. Gee was not fully informed—a matter for the trial court in the first instance should there be a subsequent petition for post-conviction relief.