695 P.2d 809

**Kenneth Wayne VOLKER,
Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 14767.**

Court of Appeals of Idaho.

Jan. 30, 1985.

A. Bruce Larson, Soda Springs, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal by Kenneth Wayne Volker from an order granting partial relief under the Uniform Post-Conviction Procedure Act, Chapter 49, Title 19, Idaho Code. Following pleas of guilty, Volker had been convicted of robbery and of battery with the intent to commit robbery. Approximately one year after sentencing, Volker petitioned the district court for post-conviction relief, raising three issues. First, he questioned whether he could be found guilty and sentenced on both charges, contending that the battery

charge was a "lesser included" offense of the robbery. Next, he urged that I.C. § 20–223, which restricts eligibility for parole of a person serving a sentence for robbery, was unconstitutional as a "bill of attainder." Finally, he asserted that his sentences had been imposed without a proper presentence investigation, contrary to the requirements of I.C.R. 32.

Following a hearing, the district court determined that, in the Information filed against Volker, the facts alleged in the battery offense were the same facts alleged in the robbery count. The court concluded that, as so alleged, the charge of battery with intent to commit robbery was a lesser included offense of the robbery charge. For this reason, the court further concluded that convicting and sentencing Volker on both charges violated double jeopardy prohibitions in the United States and Idaho Constitutions. *See* I.C. § 18–301; *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980). Accordingly, the district court vacated the conviction and sentence imposed for the battery, but left the robbery conviction and sentence unmodified. As to Volker's other two issues, the district court simply held them to be without merit.

On appeal, Volker asks us to review the determinations made by the district court on each of the three issues raised in his petition for post-conviction relief. We affirm.

I

■ We will address first the propriety of the district court's choice of setting aside the battery conviction. At oral argument in this case counsel for Volker conceded that there was no basis for contesting the district court's choice. Counsel's concession is well taken. Recently, we considered which conviction should be vacated when a defendant is sentenced for multiple crimes in derogation of I.C. § 18–301. We held in *Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App.1984), that where a defendant pleads guilty to two crimes involving the same acts, but where one crime is not a lesser included offense of another, the lesser conviction should be set aside. Our Supreme Court also considered this issue in *State v. Brusseau*, 96 Idaho 558, 532 P.2d 563 (1975) and stated that the ends of justice are defeated unless the defendant is punished for what the legislature has established as the more serious offense for which he was sentenced. 96 Idaho 561, 532 P.2d at 566. Accordingly, we hold the district court did not err by vacating the lesser conviction.[1]

II

■ Next, Volker contends the trial court erred by not concluding that I.C. § 20–223 was unconstitutional as a bill of attainder. His argument is as follows. Both the United States Constitution (Article I § 9) and the Idaho Constitution (Article 1 § 16) prohibit bills of attainder. A bill of attainder is a legislative act punishing specifically designated persons (or easily ascertainable members of a group) without judicial trial. *United States v. Brown*, 381 U.S. 437, 462, 85 S.Ct. 1707, 1722, 14 L.Ed.2d 484 (1965). I.C. § 20–223 prohibits the State Board of Correction, acting through the commission of pardons and parole, from releasing on parole any prisoner serving a sentence for robbery "until said person has served a period of five (5) years or one-third (⅓) of the sentence, whichever is the least." Volker concludes that the legislative determination of when he can be released on parole constitutes a form of punishment without judicial trial.

1. The state initially filed a notice of cross-appeal in this case to contest the court's conclusion that battery with intent to commit robbery was a "lesser included offense" of the robbery. Subsequently the state abandoned its cross-appeal. Thus, we do not consider in this case whether battery with intent to commit robbery is a lesser included offense of robbery. Because the maximum penalty for battery with intent to commit robbery is fifteen years, I.C. § 18–912, and the maximum penalty for robbery is life imprisonment, I.C. § 18–6503, we simply hold that, comparably, the battery conviction in this case was a "lesser offense" than robbery.

■ The constitutional challenge to I.C. § 20–223 as an impermissible bill of attainder was addressed by our Supreme Court in *State v. Gee,* 107 Idaho 991, 695 P.2d 376 (1985). There the Court held as a matter of law that I.C. § 20–223 does not constitute a bill of attainder in respect to the legislature's constitutional power to determine when, or under what circumstances, a prisoner may be eligible for parole consideration. We hold that the district court below did not err in refusing relief to Volker under his theory of unlawful bill of attainder.

### III

Finally, Volker contends the trial court erred in not concluding that the presentence report, prepared for his original sentencing hearing, was inadequate and did not comply with I.C.R. 32. We have not been presented with a transcript of Volker's sentencing proceeding. We conclude from the briefs in this case, however, that the following occurred. A presentence report was prepared. It included a copy of a psychological evaluation obtained from a psychologist who had examined Volker at the request of Volker's counsel. At sentencing, Volker objected to the inclusion of the psychologist's report on the ground it was confidential and subject to the attorney-client privilege. The objection was sustained and the psychologist's report was ordered excised by the court.

Volker points to I.C.R. 32, which provides in part:

> ... The analysis of the defendant's condition contained in the presentence report should include a complete summary of the presentence investigator's view of the psychological factors surrounding the commission of the crime or regarding the defendant individually which the investigator discovers. Where appropriate, the analysis should include a specific recommendation regarding a psychological examination and a plan of rehabilitation.

He now argues that, after the excision, "the report of the condition of the defendant as required by Idaho Rule of Criminal Procedure 32 continued to refer to the examination made and relied on the conclusions of the examination made by the psychologist." He concludes that "the failure of the District Court to have a proper presentence report at the time of the sentencing hearing prevented compliance with Rule 32 and deprived defendant of his right to have the sentence legally entered."

■ On the basis of the record before us, it does not appear that Volker posed any further objection to the presentence report, or to the sentencing proceeding, after the report was modified by the excision order. The determination of whether any further psychological information should be made available to the trial court rested within the sound discretion of the trial judge. *See State v. Bylama,* 103 Idaho 472, 649 P.2d 1228 (Ct.App.1982). Exercise of that discretion, in this case, was not invoked due to the lack of further objection to the report by Volker. We have held that where no objection is made to a presentence report at the sentencing hearing, and where the report substantially meets the requirements of I.C.R. 32, we will not review a challenge to the report, on appeal. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We have reviewed Volker's presentence report. It substantially comports with the requirements of Rule 32. We hold the court below did not err in failing to give Volker any relief on post-conviction review, predicated on the alleged inadequacy of the presentence report.

The order entered on Volker's petition for post-conviction relief is affirmed.

SWANSTROM, J. concurs.

BURNETT, J. concurs in the result.