697 P.2d 1197

**Charles ROBERTS, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 14933.**

Court of Appeals of Idaho.

March 22, 1985.

Lance D. Churchill of Churchill & Vander Boegh, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

SWANSTROM, Judge.

Charles Roberts appeals from denial of his application for post-conviction relief, I.C. § 19–4901. He asserts the district court erred by not determining each of the issues presented in his petition and by failing to adequately state findings of fact and conclusions of law; that he was unduly prejudiced at trial by the state's joinder of counts involving separate victims; that he was deprived of the assistance of effective counsel at trial; that I.C. § 20–223 is an unconstitutional bill of attainder; and that I.C. § 18–6607 is unconstitutionally vague and is thus void. We affirm the district court's order denying relief.

Roberts was charged under I.C. § 18–6607 with seven counts of lewd and lascivious conduct with a child under the age of sixteen. Counts I–III involved an eight-year old girl; counts IV–VII involved a thirteen or fourteen-year old girl. All counts were tried in the same trial. At the close of the state's case, counts VI and VII were dismissed on Roberts' motion. Roberts was convicted on the other five counts, but an appeal to the Idaho Supreme Court resulted in reversal of the convictions on counts I–III. *State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (1980). The three convictions involving the eight-year old were reversed because Idaho law, at the time of Roberts' trial, required a prosecutrix's testimony to be corroborated, *State v. Adair*, 99 Idaho 703, 587 P.2d 1238 (1978), and the testimony of the younger victim was not corroborated. Two years after the direct appeal was decided Roberts petitioned for post-conviction relief. This was denied following an evidentiary hearing in November 1982 and this appeal was then taken.

I

Roberts first asserts the district court's memorandum decision fails to satis-

fy the requirements of I.C. § 19–4907(a). That section requires the district court to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented" in a post-conviction relief hearing. In its memorandum decision, the district court summarily disposed of several claims raised by Roberts. For example, the court stated, in regard to one of Roberts' constitutional challenges, that "[t]he constitutionality of I.C. § 18–6607 has been repeatedly upheld in *State v. Thurlow*, 85 Idaho 96, 375 P.2d 996 (1962), and will therefore, not be discussed further in this decision." On the record before us, we do not find a failure to comply with I.C. § 19–4907(a). Roberts' petition for relief contains conclusory assertions of legal error, and very little that arguably creates substantial factual issues is alleged. At the evidentiary hearing, no testimony was presented to support most of Roberts' assertions, nor were affidavits filed during or after the hearing to support Roberts' claims. Because Roberts had the burden to prove, by a preponderance of the evidence, the allegations on which his petition was based, *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983), the district court did not err by according little discussion to issues on which Roberts presented no proof.

■ Roberts insists, however, that the district court was obligated to regard his allegations as true until controverted by the state. Although *factual* allegations in a post-conviction relief petition must be regarded as true unless controverted, *Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968); *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982), it does not follow that conclusory allegations of legal error must be taken as true if not controverted in a responsive pleading. We hold the memorandum decision satisfies the requirements of I.C. § 19–4907(a).

## II

■ Roberts next maintains that prejudicial error occurred at trial because the counts involving the eight-year old girl were tried along with the counts involving the older victim. Because the convictions on counts I–III were reversed on appeal, Roberts asserts the evidence presented on those counts constituted inadmissible propensity evidence, i.e., it demonstrated conduct similar but unrelated to the acts for which he was charged. *See State v. Wrenn*, 99 Idaho 506, 584 P.2d 1231 (1978) (evidence of unrelated criminal activity of accused is generally inadmissible to show that accused committed crime for which he is on trial). We are not persuaded. No evidence indicates Roberts was charged with counts I–III as a means of injecting inadmissible propensity evidence. Indeed, the jury was satisfied of Roberts' guilt on counts I–III, and those convictions were reversed only because the "corroboration rule" required substantiating evidence. The evidence on counts I–III was admitted to prove those counts, not to prove Roberts committed the acts charged in counts IV–VII.

■ In Idaho either the state or the defendant may move for severance if it appears prejudice will occur at trial by a joinder of offenses or of defendants. I.C.R. 14. Such a motion must be made prior to trial. I.C.R. 12(b)(5). The failure by a defendant to request a severance prior to trial or at such other time as the trial court may allow shall constitute a waiver thereof. I.C.R. 12(e); *United States v. Sanchez*, 532 F.2d 155 (9th Cir.1976).

■ In his first amendment to his petition, Roberts asserts, as one of his grounds for post-conviction relief, that his trial counsel should have made such a motion. The counsel's failure to do so was alleged to be demonstrative of "completely inadequate and ineffective" representation. No other proof was offered at the post-conviction relief hearing by Roberts on the effectiveness of counsel issue. The district judge ruled against Roberts, holding that Roberts should have raised this issue in his direct appeal. Roberts then argued to the court in his motion for relief from judgment that "Joinder of these unsubstantiated and reversed counts could not have been

addressed in petitioner's prior appeal to the Supreme Court. He did not yet know they were invalid convictions." We conclude on the record before us that Roberts did waive the issue of misjoinder by failing to move for severance of the charged offenses. We cannot say, however, that this record demonstrates Roberts' trial counsel was ineffective solely because he did not make the motion to sever.

### III

■ Roberts' remaining arguments require little discussion. Challenges to I.C. § 20–223 as an unconstitutional bill of attainder have recently been considered by this Court and the Idaho Supreme Court. *See State v. Gee*, 107 Idaho 991, 695 P.2d 376 (1985); *Volker v. State*, 107 Idaho 1059, 695 P.2d 809 (Ct.App.1985). Our Supreme Court in *Gee* held "as a matter of law I.C. § 20–223 does not constitute a bill of attainder." Accordingly, Roberts' allegations of unconstitutionality regarding I.C. § 20–223 are without merit.

■ Nor are we persuaded that I.C. § 18–6607 is unconstitutional. Roberts argues that the statute is so vague as to be unconstitutional on its face. The Supreme Court has explained the appropriate review in response to facial overbreadth and vagueness challenges:

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainants conduct before analyzing other hypothetical applications of the law.

*Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). The Ninth Circuit Court of Appeals recently considered a constitutional challenge to I.C. § 18–6607 in *Schwartzmiller v. Gardner*, 752 F.2d 1341 (9th Cir. 1984). That court stated in regard to Schwartzmiller's claim of facial invalidity:

> We agree with the state that I.C. § 18–6607 does not impinge on or "chill" any constitutionally protected conduct, substantial or otherwise. Moreover, because this statute does not by nature fall into the disfavored category of statutes like those regulating vagrancy, cf. *Flipside*, 455 U.S. at 498 [102 S.Ct. at 1193] (nature of statute affects analysis), and because the Idaho Supreme Court has previously applied the statute to specific conduct, it is also not so vague as to specify "no standard of conduct at all" in any application. Therefore, Schwartzmiller is subject to the usual cannons of restraint in the exercise of judicial review and may not attack § 18–6607 on its face, but only as applied to his conduct.

*Schwartzmiller v. Gardner*, 752 F.2d at 1348. We hold, as did the Ninth Circuit Court of Appeals in *Schwartzmiller*, that someone in Roberts' position is precluded from making a facial challenge to I.C. § 18–6607. Roberts does not argue that § 18–6607 is unconstitutional as applied to his conduct. Because Roberts cannot challenge § 18–6607 on its face, his assertion of unconstitutionality must fail.

The order denying Roberts' petition is affirmed.

WALTERS, C.J., concurs.

BURNETT, J., concurs in the result.