697 P.2d 1235

**Cesar ALMADA, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 15336.

Court of Appeals of Idaho.

March 28, 1985.

Van G. Bishop, Nampa, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order denying an application under I.C. § 19–4901 for post-conviction relief. In May, 1978, following plea negotiations with the state, Cesar Almada entered pleas of guilty to assault with intent to commit robbery, I.C. § 18–907; second degree kidnapping, I.C. § 18–4501; attempted robbery, I.C. § 18–6501; and assault with a deadly weapon, I.C. § 18–906. He received ten-year indeterminate sentences, running concurrently, on each of the first three convictions and a five-year indeterminate sentence on the assault with a deadly weapon conviction. The five-year term was ordered to be served consecutively to the other sentences. In April, 1982, Almada filed a motion for reconsideration of the sentences. His motion was denied. Thereafter, pursuant to I.C. § 19–4901, Almada filed an application for post-conviction relief in April, 1983. That application was summarily dismissed by the district court, and Almada has appealed. We affirm.

Almada raises several issues. First, he asserts he received ineffective assistance of counsel during the plea negotiation because his attorney failed to inform him that the sentencing judge was not bound by the terms of the plea agreement. Second, Almada believes the sentencing judge abused his discretion by making the five-year sentence consecutive rather than concurrent with the ten-year sentences. Alternatively, Almada believes he should have been given an opportunity to withdraw his pleas of guilty because the judge did not entirely accept the state's sentencing recommendations. Third, Almada contends that the alleged assault with a deadly weapon was a lesser included offense of the charge of attempted robbery, thus precluding a conviction for the lesser offense. Finally, Almada questions whether his sentence for assault with a deadly weapon violated constitutional proscriptions against ex post facto laws, contending that perhaps he was sentenced under an enhancement statute, relating to the use of a firearm, which was not yet in effect at the time the assault allegedly was committed. We will address each of these issues in turn.

I

Almada's application alleged that his court appointed counsel did not inform

him the sentences imposed could be consecutive, even though the state had agreed to recommend all sentences be served concurrently. This omission, Almada argues, constitutes a deprivation of his right to have effective assistance of counsel, entitling him to withdraw his guilty pleas. We are not persuaded. It is not sufficient to show an act or omission that arguably amounts to ineffective assistance of counsel; in addition, Almada must demonstrate he was prejudiced by the act or omission. *See State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975); *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Although the record is silent as to conversations between Almada and his counsel, the record indicates Almada knew the trial judge was not bound by the prosecutor's recommendations and that any sentences imposed could be made consecutive. The hearing at which the trial judge accepted Almada's pleas of guilty was held on May 1, 1978. The trial judge accepted Almada's pleas only after explaining the sentences possible on each of the charges, that sentences could run consecutively, and that the court was not bound by the prosecutor's recommendations. The minutes reflect that Almada stated, before his pleas were accepted, that he understood the judge's explanations. Almada was not sentenced until May 25, 1978, and at no time after learning from the judge that the sentences could run consecutively did he seek to withdraw his pleas of guilty. On this record, we hold Almada has not demonstrated he was prejudiced by his counsel's alleged failure to inform him the sentences could run consecutively.

## II

Almada asserts the trial judge abused his discretion by making the five-year sentence consecutive rather than concurrent with the ten-year sentences. He cites *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976) and *State v. Monroe*, 97 Idaho 457, 546

P.2d 854 (1976) to support his contention that the sentences should be concurrent because the crimes arose from one act and within a common plan or scheme. Almada also urges that *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979) and I.C. § 18–301 mandate concurrent sentences in this case.[1] Additionally, Almada believes he was entitled to receive concurrent sentences because his co-defendant was sentenced to concurrent terms.

A sentencing judge has discretion to impose consecutive sentences, and exercise of that discretion will not be disturbed on appeal absent a showing of abuse. I.C. § 18–308; *State v. Lloyd*, 104 Idaho 397, 659 P.2d 151 (Ct.App.1983). In this case, we decline review of the court's sentencing discretion, in light of our Supreme Court's recent ruling in *State v. Gee*, 695 P.2d 376 (1985). In *Gee*, the defendant had moved for reconsideration of his sentence. The motion was denied because it was untimely. *See* I.C.R. 35. Gee later applied for post-conviction review of his sentence, alleging abuse of discretion in sentencing. On appeal from denial of that application, the Idaho Supreme Court held that failure to appeal from the order denying the motion to reconsider sentence constituted a waiver of Gee's right to later challenge the trial judge's sentencing discretion, through an application for post-conviction review. We therefore hold that Almada waived his right to challenge the court's sentencing discretion, by failing to appeal the denial of his motion to reconsider the sentences.

Almada also contends, because the court did not entirely accept the state's sentencing recommendations, that he should have been given an opportunity to withdraw his pleas. He does not dispute the proposition that a trial court is not bound to follow a sentencing recommendation made by the state, even though that recommendation is offered in conjunction with a negotiated plea. *See State v. Rossi*,

1. I.C. § 18–301 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

105 Idaho 681, 672 P.2d 249 (Ct.App.1983). Rather, he queries whether, if the judge chooses to go beyond recommendations which were based on a plea bargain, the defendant should be allowed to withdraw his plea because he did not get the benefit of the bargain. We see no impediment to a request by a defendant to withdraw a plea upon that reason. A defendant may move to set aside his plea, after sentencing, and the motion may be granted, to correct a manifest injustice. I.C.R. 33(c); *Russell v. State*, 105 Idaho 497, 670 P.2d 904 (Ct.App. 1983). However, in this case the record does not disclose that Almada ever made such a motion. Nor are we persuaded that, if such motion were made, denial of the motion would be improper. When a defendant is told, before his plea of guilty is accepted, that the sentencing judge is not bound by the terms of the plea arrangement, the defendant is not entitled to withdraw his plea when the judge imposes a sentence different from the one recommended by the prosecutor. *State v. Gray*, 665 P.2d 781 (Mont.1983); *Williams v. Superior Court*, 130 Ariz. 209, 635 P.2d 497 (1981); *Matter of Hughes*, 19 Wash.App. 155, 575 P.2d 250 (1978). Because Almada knew the sentencing judge was not bound by the terms of the plea arrangement, imposition of a consecutive sentence did not entitle him to withdraw his pleas of guilty.

### III

■ Almada relies on *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980) to support his argument that assault with a deadly weapon is a lesser included offense of attempted robbery. The double jeopardy clause of the fifth amendment to the United States Constitution prohibits conviction of both a greater and lesser included offense. *State v. Thompson, supra; State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979). *Thompson* did hold that assault with a deadly weapon is a lesser included offense of attempted robbery when the attempt to rob was accomplished by the same act constituting the assault. In this case, however, the attempted robbery and assault convictions grew out of separate acts involving different victims. In fact, each charge to which Almada pled guilty involved separate victims. On this record, the double jeopardy provision was not violated when Almada was convicted of assault with a deadly weapon against one person and of attempted robbery of another person. *See State v. Rupe*, 101 Wash.2d 664, 683 P.2d 571 (1984); *State v. James*, 631 P.2d 854 (Utah 1981); *Goodman v. State*, 601 P.2d 178 (Wyo.1979).

### IV

■ Finally, Almada suggests that perhaps the sentence he received for assault with a deadly weapon was, in essence, a sentence enhancement for use of a firearm under I.C. § 19–2520, a statute not in effect when the crimes here occurred. Upon that hypothesis Almada argues that the sentence was imposed in violation of the prohibitions against ex post facto laws, United States Constitution, Art. 1 § 10 and Idaho Constitution, Art. 2 § 16. We are not persuaded. The sentence Almada received was authorized by I.C. § 18–906, governing assault with a deadly weapon. The consecutive nature of the sentence was within the authority of the court to impose. I.C. § 18–308.

■ In effect, Almada is asking us to presume, because the judge did not state during the sentencing proceeding that the five-year sentence was *not* imposed under I.C. § 19–2520, that perhaps the sentence *was* imposed under I.C. § 19–2520. However, error will not be presumed on appeal. The burden is on the appellant to show what error, if any, occurred at the trial court level. *State v. Sharp*, 104 Idaho 691, 662 P.2d 1135 (1983). Almada has failed to affirmatively demonstrate he was in fact sentenced under I.C. § 19–2520 and that any error occurred.

The order dismissing Almada's application for post-conviction review is affirmed.

BURNETT and SWANSTROM, JJ., concur.