**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50698**

| | |
|---|---|
| DONALD NELSON BARGER, JR., | ) |
| | ) **Filed: February 11, 2025** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

Judgment summarily dismissing post-conviction petition, <u>affirmed</u>.

Donald Nelson Barger, Jr., Preston, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Donald Nelson Barger, Jr., appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Barger pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), reserving the right to appeal prior adverse rulings by the district court. On direct appeal, Barger presented two challenges to his conviction: (1) the district court erred in not sua sponte ordering a mental competency evaluation under I.C. § 18-211(1); and (2) the district court erred by denying his pro se oral motion to dismiss. This Court affirmed Barger's conviction in an unpublished decision. *State v. Barger*, Docket No. 46550 (Ct. App. March 30, 2020).

In December 2021, Barger filed a 234-page pro se petition for post-conviction relief raising numerous claims. The district court issued a notice of intent to dismiss. Barger filed a motion to

1

disqualify the district judge, which was denied. Thereafter, the district court summarily dismissed Barger's post-conviction petition. Barger appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Barger raises seven issues on appeal, claiming bias and error on the part of the district court and ineffective assistance of counsel. The State responds that Barger has failed to provide argument or authority in support of his claims and failed to cite relevant portions of the record. We agree with the State.

As the appellant, Barger has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). In his table of cases and authorities, Barger lists a statute and certain case names without citation. Barger presents no argument as to any of these authorities or how they relate to his claims. Barger includes no citation to the record. Assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal. *See* Idaho Appellate Rule 35(a)(6) (requiring argument section of brief shall contain argument of appellant with citations to authorities, statutes, and parts of transcript and record relied upon); *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (where appellant fails to assert assignments of error with particularity and support his position with sufficient authority, those assignments of error are too indefinite to be heard by court). Thus, a general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). We will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). To the extent that an

2

assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Moreover, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* By failing to present argument, authority, and citation to the record, Barger has waived his claims on appeal.

## IV.

## CONCLUSION

Barger has failed to comply with the Idaho Appellate Rules and has, therefore, waived his claims on appeal. The district court's judgment summarily dismissing Barger's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.