**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51155**

| | |
|---|---|
| CATHERYN DENYSE FIELDS, | ) |
| | ) **Filed: April 8, 2025** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County. Hon. Adam H. Green, District Judge.

Judgment summarily dismissing second amended petition for post-conviction relief, <u>affirmed</u>.

Catheryn Denyse Fields, Newport, Washington, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Catheryn Denyse Fields appeals from a judgment summarily dismissing her second amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Fields was found guilty of three counts of battery on a law enforcement officer. I.C. § 18-915(3)(B)(F). Fields appealed, and this Court affirmed her judgment of conviction. *State v. Fields*, 168 Idaho 57, 479 P.3d 450 (Ct. App. 2020). Fields subsequently filed a pro se petition for post-conviction relief and moved for appointment of counsel. She then filed an amended pro se petition for post-conviction relief. With the aid of appointed counsel, Fields filed a second amended petition alleging her trial counsel was ineffective for failing to file a motion to dismiss

1

the case, failing to file a motion to suppress evidence, and failing to request a certain jury instruction. The State moved for summary dismissal of Fields' second amended petition for post-conviction relief. Fields opposed the State's motion. Fields maintained that her trial counsel was deficient for failing to request a certain jury instruction; however, she abandoned her claims relating to her trial counsel's failure to file a motion to dismiss and a motion to suppress.

Following a hearing, the district court dismissed Fields' second amended petition for post-conviction relief. Although abandoned by Fields, the district court concluded Fields failed to show she was entitled to relief on her claims related to trial counsel's failure to file a motion to dismiss or a motion to suppress. The district court also concluded that trial counsel's decision to not request a certain jury instruction was a reasonable tactical decision and did not constitute deficient performance. The district court further concluded that Fields failed to show any resulting prejudice because the record did not support a finding that the district court would have given the jury instruction if it had been requested by trial counsel. The district court entered judgment dismissing Fields' second amended post-conviction petition. Fields appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008).

## III.

## ANALYSIS

Although Fields is pursuing this appeal pro se, she must meet the same standards as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Thus, Fields must comply with the Idaho Appellate Rules. As the appellant, Fields has the burden of alleging and showing in the record an error by the district court in her post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985).

2

Under I.A.R. 35(a)(6), the argument in an appellant's brief must "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." This Court will neither search the record for error nor presume error on appeal. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). Additionally, assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010).

Fields dedicates a large portion of her appellate brief to discussing the encounter with officers that resulted in the underlying criminal case and her treatment after being arrested. However, Fields' appellate brief lacks a statement of issues presented on appeal as required by I.A.R. 35. The brief does not specify the applicable standard of review on appeal, lacks citations to the record in this case, and fails to identify an alleged error by the district court in Fields' post-conviction proceeding. Fields does not address either basis the district court set forth in dismissing her claim that trial counsel was ineffective for failing to request a certain jury instruction.

Even if we construe Fields' appellate brief as challenging the summary dismissal of her ineffective assistance of counsel claim, the challenges (which lack specific reference to legal or evidentiary errors) would amount to only a general attack on the findings and conclusions supporting the district court's decisions. Appellate courts will not consider such general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). In sum, Fields has failed to adequately present an issue for this Court to review on appeal. Consequently, Fields has waived the right to challenge any errors in the dismissal of her claims for post-conviction relief.

To the extent Fields raises new issues on appeal, these claims are not properly before this Court. For example, she argues the district court suppressed evidence in violation of the equal protection clause and that the prosecutor and public defender were colluding to produce evidence. These assertions will not be considered for the first time on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that issues not raised below may not be considered for the first time on appeal).

## IV.

## CONCLUSION

Fields has failed to articulate any specific error by the district court for this Court to review on appeal. Consequently, Fields has failed to show error in the summary dismissal of the ineffective assistance of counsel claims in her second amended post-conviction petition. Accordingly, the judgment dismissing Fields' second amended petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.