816 P.2d 1019

STATE of Idaho, Plaintiff–Respondent,

v.

Daniel H. JOSLIN, Defendant–Appellant.

No. 19089.

Court of Appeals of Idaho.

Sept. 5, 1991.

Severt Swenson, Jr. of Swenson & Scoggin, Gooding, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon his plea of guilty to a charge of forgery, Daniel Joslin was sentenced by the district court to an aggregate term of five years in the custody of the Board of Correction, with three years fixed as the minimum period of confinement to be followed by an indeterminate period of two years. I.C. § 19–2513. On appeal, he contends the minimum term of three years is excessive and unreasonable and constitutes an abuse of the court's discretion. We agree and order a modification of the sentence to require a minimum period of confinement of two years, to be followed by an indeterminate period of three years.

The background for the forgery charge is as follows. Joslin had a vehicular accident while operating his employer's truck. When a fellow employee, Tom Newbry, arrived to assist in cleaning up potatoes that had spilled from the truck, Joslin took advantage of Newbry's preoccupation and removed a blank check from Newbry's personal checkbook which was in the latter's pickup. Joslin ultimately made the check out for $325, payable to a fictitious payee, signed Newbry's name and cashed the check at a local grocery store.

The presentence investigation report prepared for the district court in this case provided the following information. Joslin was twenty-four years old when he committed the forgery. He claimed he needed the money for food and rent. Within the previous three years, Joslin had experienced several encounters with the law. The report showed that Joslin was on probation on two separate convictions in other jurisdictions when he committed the forgery in Idaho. The first conviction was in California for possession of a controlled substance; the other was in Oregon for assault on a public safety officer. He also has prior convictions for providing false information to a police officer, for using controlled sub-

stances and for one traffic offense. The dispositions in these prior encounters indicate that Joslin received minimal fines, jail sentences and probation. In addition, the record shows that Joslin absconded from the jurisdiction of the district court while awaiting sentencing on the forgery conviction and was returned to the court under a fugitive warrant. Based on this information and background, the sentencing judge concluded that Joslin was not a suitable candidate for probation. Although the presentence investigator recommended that the court retain jurisdiction for 120 days for the purpose of later determining if probation should be implemented, the court instead imposed the five-year, unified sentence with three years' minimum confinement, without articulating any reason for rejecting the investigator's recommendation. The court also gave Joslin credit for time served in jail prior to the date he was sentenced and ordered Joslin to make restitution of $325 and to pay court costs.

■ Joslin acknowledges that the five-year aggregate sentence imposed by the court is well within the limit of fourteen years permitted by I.C. § 18–3604 as punishment for forgery. He challenges only the three-year minimum term of confinement, arguing that this period is unnecessary to meet the goals of protection of society, deterrence, rehabilitation or retribution. In this regard, for the purpose of appellate review, the minimum period of confinement of three years ordered by the court will be treated as the probable measure of Joslin's incarceration. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989), *citing State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In evaluating the reasonableness of a period of confinement, we consider whether—at the time of sentencing—the term appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence longer than necessary for these purposes is

unreasonable and may represent a clear abuse of discretion. *Id.*

We noted in *Toohill* that sentencing determinations cannot be made with precision and, in deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. 103 Idaho at 568, 650 P.2d at 710. It is also well settled that trial judges are not required to articulate their reasons for the imposition of a particular sentence. *State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984). Consistent with *Nield* the court below did not state any reasons for the sentence imposed upon Joslin. The court did not address any of the sentencing criteria nor disclose why the period of three years' confinement was necessary to accomplish the objectives of sentencing. As a result, we are not presented with any "reasoned basis" for the exercise of its discretion by the court below. *See State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989); *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986); *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987).

In *State v. Sanchez, supra,* we explained that the criteria of retribution and deterrence are particularly important considerations to the extent that a minimum period of confinement represents the "price" of a crime. Conversely, the factors of rehabilitation and protection of society are applicable insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, *Id.* 115 Idaho at 777–78, 769 P.2d at 1149–50. We also noted that, in applying these criteria during appellate examination of a sentence in any given case, "we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender," *citing State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). *Id.* 115 Idaho at 778, 769 P.2d at 1150.

In the instant case, our independent review of the information presented to the district court, concerning the circumstances and nonviolent nature of the crime, the background and character of the defendant and the protection of the public interest, *State v. Reinke, supra,* leads us to conclude that three years' minimum incarceration is unreasonable as the period of time necessary to temporarily protect society from Joslin or to accomplish any of the goals of deterrence, rehabilitation or punitive retribution as those criteria are to be considered under *Sanchez.* In our view, these purposes reasonably can be served by a minimum period of incarceration of less than three years and we also conclude that a period of two years would be sufficient.

Accordingly, Joslin's five-year sentence to the custody of the Board of Correction is modified by requiring a minimum term of confinement of two years, to be followed by an indeterminate period of three years and, as modified, the judgment of conviction and unified sentence are affirmed. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).