817 P.2d 1102

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Alfredo ESPARZA, Defendant–Appellant.**

**No. 19215.**

Court of Appeals of Idaho.

Oct. 4, 1991.

Van G. Bishop, Nampa, for defendant-appellant.

Hon. Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Alfredo Esparza pled guilty to delivery of a controlled substance, I.C. § 37–2732, and admitted violation of his probation in another case. The district court revoked Esparza's probation and ordered that he must serve the sentence which had previously been suspended: a unified sentence of four years in the custody of the Board of Correction with one year fixed.

On the delivery charge in the present case, Esparza was sentenced to a unified sentence of seven years in the custody of the Board of Correction with two years fixed. The district court ordered that the sentences run concurrently. Esparza took no direct appeal from the sentences imposed by the district court; however, he timely filed a Rule 35 motion for reduction of sentence on the delivery charge. After the district court denied his motion, Esparza appealed, arguing that the district court abused its discretion by not reducing his sentence under I.C.R. 35. We affirm the district court's order denying relief under Rule 35.

Where a sentence is not challenged as to its legality, a Rule 35 motion is a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). On appeal, we review the denial of a Rule 35 motion to determine from the record whether the facts, if any, presented in connection with the motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988).

The criteria for evaluating a judge's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was unreasonable. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). In *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we explained that a sentence is reasonable to the extent that it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all the related goals of deterrence, rehabilitation and retribution. The appellant bears the burden of showing that his sentence is unreasonable. *Wright*, 114 Idaho at 453, 757 P.2d at 716.

The facts leading up to this appeal can be stated briefly. Esparza was arrested for selling .2 grams of black tar heroin and .7 grams of cocaine to a confidential informant who was accompanied by an undercover policeman. Esparza was indicted by the grand jury of Canyon County on the charge of delivery of a controlled substance. The state also filed two separate probation violations. Pursuant to a plea bargain, Esparza pled guilty to delivery of a controlled substance and he admitted one probation violation. In exchange, the state dismissed the other probation violation.

Esparza did not directly appeal his sentence on the delivery charge, but timely moved the court to reconsider and reduce his sentence pursuant to I.C.R. 35. The state did not file a response to Esparza's motion. Without a hearing, the district court denied Esparza's motion, stating that the court "fails to be convinced that the sentence imposed was excessive or that the sentence should be reduced for any other reason." Esparza appeals the district court's denial of his motion.

All of the facts argued by Esparza in his appeal are contained in his Presentence Investigation Report (PSI). Therefore, we can assume that the district court had these same facts in its possession at the time of sentencing, and we can assume that no additional facts were presented to the district court in support of Esparza's Rule 35 motion. Esparza does not contend that the sentence imposed by the district court was illegal. Rather, he asserts that his sentence is unreasonable in light of mitigating factors which should warrant a reduced sentence.

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. (I.C. § 19–2513); *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

580

Thus, we view Esparza's actual term of confinement as two years. Esparza must establish that, under any reasonable view of the facts, a two year period of confinement for his commission of the crime of delivery of a controlled substance was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In reviewing the reasonableness of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App. 1982). Esparza was convicted of selling .2 grams of heroin and .7 grams of cocaine. The maximum sentence the district court could have imposed on Esparza for this crime was life imprisonment and a fine of up to $25,000. I.C. § 37–2732(a)(1)(A). Instead, the district court gave Esparza a unified sentence of seven years, with a minimum of two years fixed.

Esparza has a long criminal history which includes several prior felony convictions. He has been arrested seven times in the past five years. He committed the current crimes while he was on probation. Esparza's P.S.I. report indicates that Esparza blames his criminal behavior on others and on his past and present social environment, and his cocaine addiction. He also claims that he needs drug therapy, not incarceration.

While we do not dispute Esparza's assertion that he could avail himself of effective treatment were he not in prison at this time, we fail to understand why Esparza has been "helpless" to avail himself of these same treatment programs in the past. There is no indication that Esparza, during the many years he has been addicted to drugs, has ever availed himself of the treatment programs which he now claims his incarceration denies him. Nor do we accept Esparza's claim that upon his release from prison he will have to face the future "with that same helplessness which has plagued his past." The same treatment programs which he currently requests will be just as available to him upon his ultimate release from prison as they would be if we were to order his release from prison today.

In any case, the district court was entitled to give credence to the information in Esparza's P.S.I. report, which states that because of his unwillingness to accept responsibility for his actions, Esparza is not yet ready for rehabilitation. Nor does Esparza's plea for leniency in order to help his family ring true. Esparza's criminal record for the past five years indicates that he poses a significant threat to the well-being of society. That same record belies Esparza's claim that his freedom would be helpful to the well-being of his family.

Esparza's sentence is reasonable in light of the nature of the crimes he committed and the maximum penalty which the district court could have imposed under Idaho law. Esparza's sentence is also reasonable in light of his character as revealed by his extensive criminal history and the other information contained in his P.S.I. report. The facts presented show that Esparza is a threat to society. His P.S.I. report reveals that within the past five years Esparza has committed several grand and petty thefts, two burglaries, and an aggravated assault. Esparza's fixed term of two years' confinement is a reasonable measure to promote the primary objective of sentencing, which is to protect society. That sentence is also reasonable in light of sentencing's related goals of deterrence, rehabilitation and retribution. Because we determine that Esparza's sentence was reasonable when imposed, and we find nothing in the record presented subsequently to support Esparza's argument that his sentence should have been reduced, we conclude that Esparza has failed to establish that the district court abused its discretion in denying his motion for reduction of his sentence.

The order denying relief under I.C.R. 35 is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.