829 P.2d 1376

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Conrado LAMAS, aka, Jose Conrado Lamas Fierras, aka Conrado Fierras Lamas, Defendant–Appellant.**

**No. 19495.**

Court of Appeals of Idaho.

April 29, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Conrado Lamas was indicted on four counts of delivery of a controlled sub-

stance. Pursuant to a plea bargain, Lamas pled guilty to two counts and the other two were dismissed. A presentence report was prepared and a sentencing hearing held. Judgments of conviction were entered imposing unified sentences of eight years with minimum periods of confinement of three years on each of the counts to which Lamas pled guilty. The district court ordered that the two sentences be served concurrently. Later, the court denied a timely motion by Lamas to reduce his sentences. Lamas appeals, contending that the district court erred in considering evidence in his presentence report which was based upon "speculative hearsay." He also argues that the three-year minimum periods of confinement ordered by the court were an abuse of the court's sentencing discretion. We affirm.

■ Lamas was arrested after he had delivered cocaine to undercover police officers. His presentence report contained the following statement:

Information received from undercover police officers indicate that the defendant is well immeshed [sic] into the drug culture of the community and there is a definite connection between personnel at the Ritz Lounge and a mobile home located adjacent to the Ritz Lounge and this defendant. These places are well known to police for drug distribution.

Lamas argues that the presentence report contains no statement as to why the presentence investigator believed that the above-quoted portion was reliable and that it therefore should not have been considered by the district court. *See State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1992). However, the record in this case does not reflect that the alleged defect in the presentence report was brought to the district court's attention, nor did Lamas request the court to disregard the challenged statement. As a predicate to appellate review of the sufficiency or accuracy of information contained in a presentence report, the defendant bears the burden of raising objections to the report at the time of his sentencing; where no objection is made and the report substantially meets the requirements of I.C.R. 32, we will not review a challenge to its contents on appeal. *Cunningham v. State*, 117 Idaho 428, 788 P.2d 243 (Ct.App.1990). *See also State v. Thacker*, 98 Idaho 369, 564 P.2d 1278 (1977); *Volker v. State*, 107 Idaho 1059, 695 P.2d 809 (Ct.App.1985); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). Because the alleged error in Lamas's presentence report was not first presented to the district court for consideration, it will not be entertained now and determined on this appeal. *State v. Mauro, supra; State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991).

■ We turn next to the sentencing issue. Lamas's unified sentences are well within the statutory maximum of life imprisonment and a fine not to exceed $25,000, which could have been imposed for each of these crimes. I.C. § 37–2732(a)(1)(A). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Lamas's actual term of confinement as three years. He must establish that under any reasonable view of the facts a period of

confinement of three years for delivery of cocaine, a controlled substance, was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710. In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Lamas argues that the three-year minimum period of confinement in his sentences is excessive in light of the record, his character and the nature of the offense. The record reflects that Lamas has no prior criminal record. He was 30 years old at the time he was sentenced. Although married and with children, he was living separately from his wife and children. The presentence report shows that he was unemployed and evidently supported himself through sales of controlled substances. He is an illegal alien subject to a deportation hold by the Immigration and Naturalization Service.

Lamas asserts that this Court should independently order a reduction of his sentences because the district court failed to articulate any factors relating to the sentencing goals. *See State v. Joslin,* 120 Idaho 462, 816 P.2d 1019 (Ct.App.1991). He also poses a comparative sentencing argument, noting that in *State v. Esparza,* 120 Idaho 578, 817 P.2d 1102 (Ct.App.1991), this Court recently upheld a unified sentence of seven years with two years' minimum confinement, imposed by the same district judge who had sentenced Lamas, on a charge of delivery of a controlled substance. He points out that both the defendants in *Joslin* and *Esparza* had prior criminal records whereas Lamas does not.

We are not persuaded by Lamas's arguments. Although the district court in the present case did not articulate its reasons for the sentences imposed during the sentencing hearing, the court did disclose its reasons later, in its order denying Lamas's motion to reduce the sentences. The court wrote:

It appeared to the court at the time of sentencing, and still appears to the court, that the primary occupation of the defendant at the time of his arrest was the sale of drugs. The defendant, and others, appeared to be operating out of a trailer house that was located near a local nightclub in Caldwell. Police officers suspected a connection between the trailer and the Bar. The defendant's claim that "he had received the cocaine from an unknown male and was only selling it to pay rent and buy food" rings hollow.

The sentence imposed, three years fixed with 5 years indeterminate, will serve both as a punishment to the defendant for the offenses and also as a deterrent to the defendant and others against similar conduct.

In light of the record, we conclude the court adequately stated its reasons for the sentence. We decline the invitation to modify Lamas's sentences as we did in *Joslin.* Also we are not persuaded by the argument concerning a disparity between Lamas's sentences and the sentence upheld in *Esparza.* It is well settled that disparity of sentences between different defendants who have committed similar crimes does not establish the unreasonableness of a sentence as to any particular defendant. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979).

We conclude that the record demonstrates the court appropriately considered the nature of the offense, the character of the offender, and the relevant sentencing objectives in arriving at the terms of confinement pronounced in this case. We hold that Lamas's sentences are reasonable and were not an abuse of the court's discretion. We likewise hold that the court did not abuse its discretion in denying Lamas's motion to reduce his sentence.

The judgments of conviction, and sentences imposed, are affirmed.