829 P.2d 1381

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Pablo G. PENA, Defendant–Appellant.**

**No. 19469.**

Court of Appeals of Idaho.

May 5, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a district court order denying defendant's I.C.R. 35 motion for reduction of his sentence. Pablo G. Pena was charged with one count of delivery of heroin, a controlled substance. I.C. § 37–2732(a)(1)(A). Pena pled guilty pursuant to a plea bargain. The district court ordered a presentence investigation report and held a sentencing hearing. Pena made some factual corrections to the contents of the presentence investigation report at the sentencing hearing, but made no objection to the report on the basis of hearsay. The court imposed a unified sentence of six years imprisonment with a minimum period of confinement of three years. Pena filed a motion to reduce his sentence pursuant to I.C.R. 35 which the court denied.

Pena appeals from the order denying his motion, arguing that the presentence investigation report contained speculative hearsay and that his sentence is excessive. For the reasons stated below, we decline to address the issue regarding the contents of the presentence investigation report because the issue was raised for the first time on appeal. We also conclude that the district court did not abuse its discretion by denying Pena's Rule 35 motion.

The facts of the case are as follows. Pena was born in Mexico where he lived until May, 1990, when he came to the United States with some friends. Pena had been a farm worker nearly his entire life. After coming to the United States, he worked for one week at a fruit ranch thinning apples. He had no prior criminal record.

In July, 1990, a confidential informant, who was working under the direction of the Drug Enforcement Administration, purchased 5.73 grams of black tar heroin from Pena for $1,500. Pena was arrested immediately after the purchase. During a search incident to arrest, police found a telephone pager, a handgun, and $1,000 in cash. Pena claims that he did not know the contents of the package and only agreed to deliver the package because he needed money. He claims that he had never been involved in illegal activity before.

Pena was charged by indictment with one count of delivery of a controlled substance, a felony, I.C. 37–2732(a)(1)(A). Pena pled guilty pursuant to a plea agreement in which the state agreed not to oppose probation or a period of retained jurisdiction if the presentence investigation report recommended an alternative to incarceration. The state also agreed to recommend an eight-year sentence with three years fixed if the presentence investigation report recommended a period of incarceration. The district court accepted Pena's plea.

At the sentencing hearing, the parties discussed the presentence investigation report. Pena objected to a statement by the confidential informant indicating the purchase had been pre-arranged. Pena also objected to a statement indicating that he was personally acquainted with Salud Cervantes, who initiated the contact between the confidential informant and Pena. During the sentencing hearing, Pena did not object to the following statement in the presentence investigation report:

> Conversation between this defendant [Pena] and the DEA confidential informant was monitored and recorded and it is evident from this recording that the defendant was in fact making arrangements for the delivery of heroin and quoting the price to the confidential informant. It is evident that the defendant was a member of a [sic] illegal drug distribution organization that was operating in the Treasure Valley. Immediately following the purchase and arrest from the defendant, Search Warrant [sic] were executed simultaneously at [four Caldwell residences]. As a result of the Search Warrants, over $17,700 were seized, as well as numerous semi-automatic weapons, heroin, and cocaine.

Following a discussion of the presentence investigation report, and the presentation of testimony from an officer who had assisted in the surveillance and arrest of Pena, the district court imposed a unified sentence of six years imprisonment with a minimum period of confinement of three years. Pena timely filed a motion under I.C.R. 35 for reduction of his sentence. The district court denied the motion. Pena appeals from this order.

Pena objects to the quoted statement on the basis that it is hearsay, and that it is not necessarily reliable just because the statements were made by police officers. Pena argues that, because the information was not reliable, the district court should not have considered it in sentencing him. In support of this argument, Pena cites *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991), in which our Supreme Court vacated the defendant's sentence and remanded because the presentence report contained information which was too conjectural and speculative to be considered in sentencing. The record in this case differs from that in *Mauro*. Pena did not bring the alleged defect in the record to the district court's attention during the sentencing hearing. *Compare Mauro*, 121 Idaho at 182, 824 P.2d at 113 (at the time of sentencing, Mauro voiced strong objections concerning allegations in the presentence report which purportedly discussed his involvement with a major drug dealer.)

 As a predicate to appellate review of the sufficiency or accuracy of information contained in a presentence report, the defendant bears the burden of raising objections to the report at the time of his sentencing; where no objection is made and the report substantially meets the requirements of I.C.R. 32,[1] we will not review a challenge to its contents on appeal. *Cunningham v. State*, 117 Idaho 428, 431, 788

P.2d 243, 246 (Ct.App.1990). *See also State v. Thacker*, 98 Idaho 369, 370, 564 P.2d 1278, 1279 (1977); *Volker v. State*, 107 Idaho 1059, 1061, 695 P.2d 809, 811 (Ct.App.1985); *State v. Toohill*, 103 Idaho 565, 566–67, 650 P.2d 707, 708–709 (Ct.App. 1982). We conclude that the presentence report substantially complies with I.C.R. 32. Because the alleged error in Pena's presentence report was not first presented to the district court for consideration, it will not be entertained now and determined on appeal. *Cunningham*, 117 Idaho at 431, 788 P.2d at 246.

 We turn next to the question whether the district court abused its discretion in denying Pena's Rule 35 motion. The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Swan*, 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed was unduly severe. *See State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). In determining whether the district court abused its discretion in denying a Rule 35 motion, this Court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton*, 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987).

 The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct. App.1988). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the Rule 35 motion by the district court represents an abuse of discretion. *Forde*, 113 Idaho at 22, 740 P.2d at 64.

---

1. Idaho Criminal Rule 32(e) states:
 Information which may be included in the presentence report. (1) Content. The presentence report may include information of a hearsay nature where the presentence investigator believes that the information is reliable, and the court may consider such information. In the trial judge's discretion, the judge may consider material contained in the presentence report which would have been inadmissable under the rules of evidence applicable at a trial. However, while not all information in a presentence report need be in the form of sworn testimony and be admissible in trial, conjecture and speculation should not be included in the presentence report.

A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *Toohill*, 103 Idaho at 568, 650 P.2d at 710. In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Pena's actual term of confinement as three years. Pena must establish that under any reasonable view of the facts a period of confinement of three years for delivery of a controlled substance was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Having reviewed the record, we conclude that Pena's sentence was reasonable when imposed.

Taking into account the character of the offender, it appears from the record that even though Pena had no criminal record, he had only recently immigrated to the United States. Less than two months after his arrival here, he was arrested for the delivery of heroin. The facts in the presentence report indicate that he was involved in an organized drug distribution syndicate. When he was arrested, he was armed and had $1,000 in cash on his person. He had a pager which was owned or rented by Salud Cervantes. Cervantes had instructed the confidential informant to call the pager number and meet the person who answered the pager in a supermarket parking lot where the heroin sale subsequently took place. In spite of having Cervantes' pager in his possession, and in spite of having met and sold heroin to the confidential informant, Pena denies having ever had any dealings with Cervantes. Even though the evidence indicates that Pena knowingly involved himself in the distribution of illegal drugs, and pled guilty to the charge of delivery of a controlled substance, he claims that he was merely the victim of circumstances. We note that the district court doubted Pena's truthfulness. The inconsistency between Pena's version of the events and the facts in the presentence report evidence Pena's attempt to manipulate the legal system and his reluctance to accept responsibility for his actions.

■ Pena argues that this Court should independently order a reduction of his sentence because the district court failed to articulate any factors relating to the sentencing goals. Though the district court did not specifically state on the record its reasons for the sentence it imposed, we note that such a statement is not necessary. In *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984), our Supreme Court held "that while the setting forth of reasons for the imposition of a particular sentence would be helpful and is encouraged, it is not mandatory." *Id.* at 666, 682 P.2d at 619 (citing *State v. Osborn*, 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983)).

The sentence imposed by the district court reflects a concern that society be protected from Pena. Though Pena had no prior record in the United States, he pled guilty to the delivery of heroin. As the prosecutor pointed out immediately prior to the court's imposition of sentence, heroin is one of the most addictive drugs. It is profoundly evident that society must be protected from all people who are willing to distribute heroin.

In addition, we note that during sentencing the prosecutor urged the court to impose a sentence which would punish Pena and deter him, as well as other members of society, from engaging in the traffic of heroin. It is apparent that the district court was loathe to depreciate the gravity of Pena's crime and consequently imposed a term of imprisonment that would serve as both a punishment and a deterrent. Based on these factors, we conclude that the district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives

in pronouncing sentence. In light of these criteria, the sentence is reasonable.

■ Pena also poses a comparative sentencing argument, noting that in *State v. Esparza*, 120 Idaho 578, 817 P.2d 1102 (Ct.App.1991), this Court recently upheld a unified sentence of seven years with a two-year minimum period of confinement. Esparza's sentence, which was on a guilty plea to a charge of delivery of a controlled substance, was imposed by the same judge who sentenced Pena. Pena points out that Esparza had a prior criminal record whereas Pena did not. We are not persuaded by the argument regarding the disparity between Pena's sentence and the sentence upheld in *Esparza*. It is well settled that the disparity of sentences between different defendants who have committed similar crimes does not establish the unreasonableness of any particular defendant's sentence. *State v. Seifart*, 100 Idaho 321, 323, 597 P.2d 44, 46 (1979).

Pena's arguments on his Rule 35 motion are not compelling. The sentence was appropriate in view of the nature of the offense, the character of the offender, and the sentencing objectives. We hold that Pena's sentence was reasonable when imposed and that the district court did not abuse its discretion in denying Pena's motion to reduce his sentence. The order denying Pena's Rule 35 motion is affirmed.