832 P.2d 1173

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Salud CERVANTES, Defendant–Appellant.**

**No. 19375.**

Court of Appeals of Idaho.

July 1, 1992.

Van G. Bishop, Nampa for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Salud Cervantes was convicted after pleading guilty to four counts of delivery of a controlled substance stemming from four different cases. I.C. § 37–2732(a)(1)(A). In two of the cases, additional counts were dismissed in exchange for the guilty pleas. The district court sentenced Cervantes to four concurrent unified ten-year terms, five years fixed and five years indeterminate. Thereafter, Cervantes filed an I.C.R. 35 motion for reduction of his sentence.[1] He appeals from the court's denial of that motion. We affirm.

In reviewing the denial of Cervantes' Rule 35 motion, our standard of review is whether the district court abused its discretion. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). The four concurrent sentences are within the statutory maximum of life imprisonment and thus not illegal. I.C. § 37–2732(a)(1)(A). A Rule 35 motion is essentially a plea for leniency. *State v. Allbee*, 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). The burden upon Cervantes is to show either that the sentences were excessive when pronounced or that they are excessive in light of new or additional information. If he does not show one or the other, we cannot hold that the district court abused its discretion in denying the Rule 35 motion. *State v. Caldwell*, 119 Idaho 281, 805 P.2d 487 (Ct.App.1991).

In determining whether the district court abused its discretion, we review the entire record while applying the same criteria used to determine the reasonableness of a sentence. *State v. Allbee, supra.* In *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), we explained reasonableness:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.
>
> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ.

Under the Unified Sentencing Act, we treat the five-year minimum term of confinement as the probable duration of the sentence. *State v. Kysar*, 116 Idaho 992, 783 P.2d 859 (1989); *see* I.C. § 19–2513; *see also* THE POLICIES AND PROCEDURES OF THE IDAHO COMMISSION OF PARDONS AND PAROLE (revised April, 1990).

Cervantes, who was twenty-five years old, was arrested and charged in four different cases, including two cases with multiple counts, of delivery of a controlled substance, heroin. Cervantes pled guilty to the two single-count cases, and guilty to one count in each of the two multiple-count cases. The other counts were dismissed. The largest sale involved 5.46 grams of heroin for a price of $1,600. Upon Cervantes' arrest, a search of his home revealed several weapons including two semi-automatic handguns, packages of heroin amounting to approximately fifteen grams, a package of cocaine amounting to just

---

1. The record shows that Cervantes entered a guilty plea to one count of delivery of heroin in each of Canyon County cases numbered CR–05850, CR90–05871, CR90–06303, and CR90–06304. A plea agreement resulted in the dismissal of two other counts. On January 4, 1991, the district court pronounced a unified sentence of ten years with five years fixed, for each count, the sentences to run concurrently. Apparently, after sentencing, the district court consolidated the four cases. We are furnished only with a record bearing case no. CR90–06303*C, showing the judgment and commitment, Cervantes' motion to reduce the sentence, and the order denying the motion. While Cervantes' brief on appeal speaks of his "sentence" in the singular, we presume—as does the state in its brief—that this appeal properly embraces all four of Cervantes' sentences.

over one-third of a gram, and $17,735 in currency including marked bills used by confidential informants in controlled purchases.

The state argued at the sentencing hearing that Cervantes was not, as he contended, a drug abuser who merely relied upon delivering drugs in order to support his own drug habit. Rather the state argued that Cervantes was an upper-level heroin dealer. A DEA detective testified that law enforcement personnel found no drug paraphernalia at his residence, which would indicate drug use. The detective stated that he had conducted surveillance upon Cervantes and had never observed him go to any work place. In addition, the detective testified that through the confidential informants, law enforcement personnel could contact Cervantes at virtually anytime day or night by calling his telephone pager. The state also asserted that several other convicted heroin dealers, who are serving prison sentences, had obtained their drugs from Cervantes and with regard to Cervantes were lower-level dealers.

 On appeal Cervantes contends that the court, in fashioning the sentence, focused exclusively upon the nature of the offenses, and not upon his character. In our independent review of the record, we focus on the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). Cervantes contends that the judge virtually ignored Cervantes' assertion that he delivered drugs to support his own abuse. Furthermore, Cervantes contends that the judge should have given more weight to his lack of a felony record, his expressions of great remorse, the need for him to support his wife and children, and the favorable report from the Idaho Board of Correction which merely indicates that Cervantes has not presented any security problems.

Cervantes also contends that we should hold that the district judge abused his discretion in light of the sentence imposed by the same judge in *State v. Esparza,* 120 Idaho 578, 817 P.2d 1102 (Ct.App.1991). In his brief, Cervantes concedes that he is not entitled to a proportionality analysis of his sentence because he was not sentenced to the death penalty. We note that while it is true the five-year fixed term imposed upon Cervantes is greater than the two-year term imposed on Esparza, and Esparza has a more extensive criminal record than Cervantes, the amount of heroin sold by Cervantes was much greater than that sold by Esparza.

The state argues that defense counsel presented these same arguments to the district court at the sentencing hearing and therefore, the court was aware of the defendant's prior criminal record and his assertions that he only dealt drugs to support his own drug habit. The state contends that the court found the state's view that Cervantes was a significant heroin dealer more persuasive, and that in imposing the sentences, the court did not abuse its discretion. We agree.

While imposing the sentence, the court stated that the offenses were too serious to consider a 120–day period of retained jurisdiction. The court noted the amount of heroin sold, the drugs, weapons, and $17,735 cash found in Cervantes' home. The court also stated that heroin is a drug particularly dangerous to society. In its denial of the Rule 35 motion, the court reiterated the particular circumstances of this case indicating that Cervantes dealt heroin on a "fairly large scale" for Canyon County.

Cervantes has not shown that the sentences were excessive when imposed or that they are excessive in light of any new information. While we empathize with Cervantes' wife and young children, we cannot conclude that the sentences imposed by the court are excessive under any reasonable view of the facts. Accordingly, we affirm the district court's denial of the Rule 35 motion.

WALTERS, C.J., and SILAK, J., concur.