835 P.2d 688

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sergio BARRETO, Defendant–Appellant.**

**No. 19647.**

Court of Appeals of Idaho.

Aug. 5, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Gen., for plaintiff-respondent.

PER CURIAM.

Sergio Barreto was sentenced to three to ten years for delivery of a controlled substance, heroin (I.C. § 37–2732(a)(1)(A)), which took place on or about June 3, 1988. Three other delivery counts were dropped in exchange for Barreto's plea of guilty to Count II of the four-count indictment. Barreto filed a motion to reduce his sentence, which was denied. He appeals from the order denying him relief pursuant to his I.C.R. 35 motion. We affirm.

The issues raised on appeal by Barreto are twofold. First, he contends that it was reversible error for the district court to consider the inadmissible hearsay, conjecture and speculation which were contained in the presentence report. Second, Barreto argues that it was an abuse of discretion for the district court to impose such a severe sentence in light of his spotless criminal record and a history of continuous, productive employment. In its brief, the state responds only to Barreto's excessive sentence claim. The state asserts that the issues stemming from alleged errors at sentencing and the contents of the presentence report are not encompassed in this appeal.

The judgment and order committing Barreto to the custody of the Board of Correction was dated July 26, 1991. Barreto did not appeal from the judgment and sentence. Nor did his Rule 35 motion, which was not filed within fourteen days of the judgment of conviction and sentence, extend the time to seek appellate review of his conviction and sentence. I.A.R. 14; *State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990). Our review in this appeal, therefore, is restricted to the propriety of the district court's denial of the Rule 35 motion, from which Barreto timely appealed. Additionally, we are not empowered to consider whether the "flawed" presentence report constitutes error because Barreto failed to challenge the report at sentencing. *State v. Lamas*, 121 Idaho

1027, 829 P.2d 1376 (Ct.App.1992); *State v. Pena,* 121 Idaho 1032, 829 P.2d 1381 (Ct. App.1992).

■■■ On appeal from the denial of a motion for reduction of sentence, we apply an abuse of discretion standard. *State v. Roach,* 112 Idaho 173, 175, 730 P.2d 1093, 1095 (Ct.App.1986). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria are the same as those applied in determining whether the original sentence was reasonable. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). In a Rule 35 hearing, the district court may consider facts presented at the original sentencing as well as any other information concerning the defendant's rehabilitative progress while in confinement. *State v. Snapp,* 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct. App.1987). The burden is on the defendant to show that the sentence is excessive in view of new or additional information presented with the motion for reduction. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1014 (Ct.App.1991).

■■■ Barreto argues that the district court ignored his good character which is evidenced by the fact that he has no criminal record and has maintained gainful employment throughout his adult life. He contends that the court considered only the nature of the crime—a drug related offense—and imposed a prison sentence whose only objective was deterrence. Barreto asserts that a three-year fixed sentence is not necessary to accomplish the primary goal of protecting society and that the district judge should have determined that probation was a viable alternative in this case. Finally, he suggests that his sentence as a first offender is harsher than that imposed in *State v. Esparza,* 120 Idaho 578, 817 P.2d 1102 (Ct.App.1991), a case decided by the same district judge concerning a similar offense but involving a defendant with a long criminal history including several prior felony convictions.

From the transcript of the sentencing hearing that is a part of the record, we see that the district court acknowledged that Barreto had lived a life free of crime until the spring of 1988 when he engaged in the deliveries of heroin which led to the instant charges. The district judge weighed in Barreto's favor a local businessman's testimony as to Barreto's good character and his lack of involvement in any drug use over the many years of their friendship. In his sentencing remarks, the district judge indicated that the size of the deliveries and the amount of money involved, 52.27 grams for a total of $8,915, required some period of incarceration. The court went on to say that it would not countenance drug dealing of this type even by a person who has a totally free record and who, according to a witness, is generally believed not to be in the drug trade.

In Barreto's case, the minimum period of three years is viewed as the probable duration of confinement. *See State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Barreto must establish that, under any reasonable view of the facts, a three-year period of confinement for the crime of delivery of heroin was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

The district court denied Barreto's Rule 35 motion without a hearing and without obtaining a progress report from the prison, stating that it was confident that Barreto would be able to get along in an institutional setting and that such a report would be of no value to the court. Barreto, in his plea for leniency, asked the court for an opportunity to once again become a productive member of society and source of support for his family. The court found, however, that Barreto's assurances that he would refrain from further involvement with drugs and resume a crime-free life could not outweigh the need to protect society from the consequences of drugs in the community.

We conclude that the district court was entitled to focus on the seriousness of the crime which involved a sizeable amount of heroin and a large amount of money over Barreto's clean record. The sentence is reasonable when we consider that Barreto could have been sentenced to a maximum term of life imprisonment. Likewise, Barreto's plea for leniency based on a comparison of lesser sentences imposed in similar cases fails to demonstrate that his sentence is unreasonable. *State v. Pena, supra.* We find no facts or argument in the record that mandate a reduction of the sentence. We hold that the district court acted within the bounds of its discretion in denying Barreto's motion for reduction of his sentence.

Accordingly, the order denying relief under I.C.R. 35 is affirmed.