849 P.2d 967

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Julio D. HERNANDEZ, Defendant–Appellant.**

No. 19822.

Court of Appeals of Idaho.

March 29, 1993.

Ismael Chavez, Caldwell, for appellant.

Hon. Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Julio D. Hernandez was charged with two counts of delivery of a controlled substance, cocaine. Count I alleged an offense which occurred in April, 1991, and Count II charged a similar occurrence in June of the same year. Pursuant to a plea agreement, Hernandez pled guilty to Count II and Count I was dismissed. Hernandez was sentenced to ten years in the custody of the Board of Correction, with five years' minimum confinement required, upon his plea of guilty to Count II. He filed a notice of appeal from the judgment of conviction. On appeal, he challenges only the order of the district court denying his subsequent motion under I.C.R. 35 to reduce or to reconsider his sentence. In particular, he asserts that the district court abused its discretion by deciding the motion without holding a hearing, thereby precluding Hernandez from submitting additional information to support his application. We find no abuse of discretion and affirm the order.

It is well settled that a motion under Rule 35 to reduce a sentence is addressed to the sound discretion of the sentencing court, *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The court is under no obligation to amend or modify a sentence that has been legally imposed. *State v. Vega*, 113 Idaho 756, 747 P.2d 778 (Ct.App.1987). Rule 35 permits the court to consider and determine such motions without admitting additional testimony and without hearing oral argument. I.C.R. 35. The decision whether to conduct a hearing on a Rule 35 motion is also directed to the sound discretion of the trial court. *State v.*

*Hoffman,* 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986); *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989), *citing Associates Northwest v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App. 1987).

■ The question of modifying Hernandez's sentence was presented to the district court by way of a written motion under I.C.R. 35, filed by Hernandez's trial counsel, supported by a personal letter from Hernandez setting forth reasons to reduce the sentence and also by way of a pro se motion by Hernandez to reconsider the sentence, again containing several reasons stated by Hernandez why his sentence should be modified. Neither application alleged that the sentence was illegal or had been illegally imposed. In addition, counsel requested the court to order a progress report concerning Hernandez's performance while incarcerated and for a hearing on disposition of the motions to reduce or to reconsider.

In its written decision denying Hernandez's motions, the district court expressed its awareness of the discretionary nature of the questions presented, including whether the defendant should be allowed to present additional information. The court further explained in detail why it chose not to hold any hearing or to grant any leniency from the sentence it had imposed. The judge wrote:

> The Court read and considered the entire court file. The Court decided the motion for Reduction of Sentence without obtaining a progress report or holding a Rule 35 hearing since the Court believes that such a report or hearing would be of no value to the Court. The Court assumes that Hernandez is able to

get along very well in an institutional setting. Hernandez's sentence is not unduly severe viewed in light of the facts of this case. His sentence is also within the statutory maximum allowed. Within a two month period, Hernandez delivered 429.0 grams of cocaine to a confidential informant for a total of $13,200.00. Other facts in the record lead the Court to conclude that Hernandez was involved in a large cocaine distribution network and profited from the illegal sales of cocaine.

The district court's decision in denying Hernandez's request for leniency without holding further proceedings met with the standards applicable to the exercise of discretion. *Hedger, supra.* We are not persuaded that the court's exercise of discretion unduly limited Hernandez from presenting relevant information to support his motions. *State v. Barreto,* 122 Idaho 453, 835 P.2d 688 (Ct.App.1992); *State v. Hoffman, supra.* The sentence does not appear unduly severe, considering the nature of the crime and the defendant's background and involvement in drug-related activities, as disclosed by the presentence report and presented to the court at the sentencing hearing.

Accordingly, we conclude that the court did not abuse its discretion and affirm the order denying relief under I.C.R. 35.

SWANSTROM, J., and McKEE, J., pro tem., concur.